UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENDOBOTICS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DESIGN STANDARDS CORPORATION ) <br> and MEDROBOTICS CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 20-10742-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SANCTIONS

**SAYLOR, C.J.**

This dispute concerns alleged patent infringement relating to a surgical instrument. Plaintiff Endobotics, LLC filed a complaint on April 15, 2020, that in part alleged that defendants Design Standards Corporation ("DSC") and Medrobotics Corporation infringed on United States Patent No. 7,147,650 (the "'650 patent"). (Compl. ¶¶ 59-100). On March 2, 2021, however, Endobotics moved to amend the complaint, abandoning the claim on the '650 patent, and instead alleging infringement on United States Patent Nos. 7,338,513; 7,364,582; and 7,686,826. (Am. Compl. ¶¶ 54-73). On April 7, 2021, this Court granted the motion to amend and dismissed the '650 patent infringement claim with prejudice. (Dkt. No. 85). Thereafter, on April 19, 2021, DSC filed the present motion for sanctions pursuant to Fed. R. Civ. P. 11, alleging that Endobotics failed to complete a proper pre-suit investigation into the allegation of infringement on the '650 patent. (Def. Mot.).

Before a court can decide whether to impose sanctions, it must determine whether the procedure outlined in Fed. R. Civ. P. 11(c)(2), commonly referred to as the "safe-harbor provision," was followed.  That provision requires that before the movant files a motion for sanctions, it must be sent to the opposing party, describing the allegedly sanctionable conduct, and mandates that the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service [to the opposing party]."  Fed. R. Civ. P. 11(c)(2).

There is a split among the circuit courts as to how strictly a party must comply with the safe-harbor provision in order to pursue a motion for sanctions.  *Compare Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766-68 (6th Cir. 2014) (noting that strict compliance with the safe-harbor provision is required for a motion for sanctions to be considered), *with Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003) (holding that a motion for sanctions may still be heard on its merits even where there is technical non-compliance with the safe-harbor provision).  This Court has previously found that technical non-compliance with the provision may be excused if the movant provides the opposing party with timely notice of its intent to file a Rule 11 motion that is tantamount, under the circumstances, to serving it with the motion itself.  *See Anaqua, Inc. v. Schroeder*, 2013 WL 1412190, at *1-2 (D. Mass. Apr. 5, 2013) (allowing a Rule 11(c)(2) motion for sanctions to proceed even though defendant did not send its motion to the opposing party before filing it because defendant sent plaintiff a letter containing a detailed legal argument outlining the grounds for sanctions and specifically invoked Rule 11(c)(2) and the safe-harbor provision).

Here, DSC did not satisfy the safe-harbor provision and its non-compliance cannot be excused. It is undisputed that DSC did not serve its Rule 11 motion on Endobotics before filing it with the Court. (Pl. Opp. at 6-7; Def. Reply at 2).

DSC, however, contends that it provided adequate notice to Endobotics that the '650 patent claim was frivolous before filing its motion such that its non-compliance should be excused. (Def. Reply at 2-3). On January 15, 2021, DSC wrote a letter to Endobotics stating that objective evidence existed proving that it did not infringe on the '650 patent, and that if Endobotics insisted on proceeding with that allegation it would "seek its legal fees and possible sanctions." (Def. Mot. Ex. 3 at 2). But that letter does not satisfy the requisite standard for a court to excuse technical non-compliance with Rule 11: DSC's letter only indicated the *possibility* that it would seek sanctions and did not refer to either Rule 11 or the safe-harbor provision. (*Id.*). Accordingly, the safe-harbor requirement was not satisfied, and DSC cannot seek sanctions under Rule 11. *See Anaqua, Inc.*, 2013 WL 1412190, at *2.

Furthermore, and in any event, DSC waited to file its motion for sanctions until after the Court dismissed the allegation of infringement on the '650 patent. A motion for sanctions must be filed before the disputed claim is withdrawn or dismissed. *See Monahan Corp. N.V. v. Whitty*, 319 F. Supp. 2d 227, 234 (D. Mass. 2004) (holding that a defendant cannot wait until after summary judgment and final judgment are granted on its behalf to file a motion for sanctions because it did not give the opposition time to withdraw the pleading in question, which is the purpose of the safe-harbor provision); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (denying a motion for sanctions because it was filed after a complaint was dismissed); 2 MOORE'S FEDERAL PRACTICE – CIVIL § 11.22(1)(c) (2021) ("At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading . . . . Otherwise, the purpose of the

3

'safe harbor' provision would be nullified."). Indeed, the Advisory Committee Note to Rule 11 notes that "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment.

Here, the Court dismissed the allegation of infringement on the '650 patent with prejudice on April 7, 2021. (Dkt. No. 85). DSC filed its motion for sanctions on April 19, 2021. (Def. Mot.). Accordingly, DSC did not allow Endobotics the opportunity to withdraw its alleged improper claim, denying it the possibility of protection under the safe-harbor provision. *See Roth*, 466 F.3d at 1193; *Monahan Corp. N.V.*, 319 F. Supp. 2d at 234. Sanctions therefore cannot be imposed.

For the foregoing reasons, defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 is DENIED.

**So Ordered.**

Dated:  July 15, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court